Mr. Justice Clayton
delivered the opinion of the court.
This was a bill filed in the vice-chancery court at Carrollton. Its object seems to be twofold; first, to set up a separate right in the wife to the property in question; and secondly, to show .that the execution was improperly issued.
The bill states that the crop of cotton which had been seized under the execution of the defendants, was grown on a plantation which was the property of the wife, and which was cultivated by her slaves. That this estate had been purchased by her upon credit, and that she had given a mortgage, both upon the land and slaves to secure the payment. That it was also their intention to appropriate the crops to the payment of the debt, and to embrace them in the mortgage, but that they had been omitted by mistake. And that the execution of the defendants had been levied upon the crop of cotton raised upon the plantation in 1842.'
The bill also stated, upon the part of David Beatty, that the execr/tion was issued upon a forfeited forthcoming bond, on which he was surety, and that he was discharged from, all liability thereon, because the plaintiffs in the execution had, without his knowledge or concurrence, entered into an agreement .with his principal, by which they had extended the time *570 of payment for two years. That this agreement was valid between them, and founded on a sufficient consideration. An injunction was obtained to restrain the sale of the cotton, and the bill prayed that it might be made perpetual, and that David Beatty might be released and discharged from the judgment.
The defendants moved to dissolve the injunction, for want of equity upon the face of the bill. The motion was sustained, and the injunction ordered to be dissolved, from which order an appeal was taken to this court.
This order was entirely correct. A court of chancery will not interfere to prevent a sale of personal property, unless it be of some peculiar character, as slaves, or have some particular value, by reason of which damages might not afford an adequate compensation for its loss. The plain reason is, that the party injured has an ample and abundant remedy at law.
,' The purchase was made in ,1840. The bill does not state that the conveyance was to the separate use of Elizabeth R. Beatty, the wife, and in argument her right to sustain this suit, is placed upon the married woman’s law. ■ We have already decided that the proceeds of the wife’s property, as regulated by that law, during the coverture, belong to the husband. \The wife was therefore improperly joined as a party in this case, as she has shown no interest in the subject-matter of the suit. That affords another sufficient rpason for the dissolution of the injunction, since it is only as to her right that the injunction was obtained. As to David Beatty the bill is an original one for relief, without any injunction as to him.
The cause is not before us, except as to the order of dissolu- " tion, there having been no final decree. Of course we do not take into view the other matters of controversy, or give any opinion in regard to them. The cause may still proceed in the court below, if it be the wish of the complainant, upon the bill as an original one, as distinguished from a bill of injunction. The decree dissolving the injunction is affirmed.